# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiffs,

vs.                                  No. CIV 08-0501 JB/ACT

BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY
OF DONA ANA, NEW MEXICO,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiffs' Motion to Compel Defendant's Discovery Responses and Answers, filed March 19, 2009 (Doc. 45).  The Court held a hearing on June 8, 2009.  The primary issues are: (i) whether Defendant Board of County Commissioners of the County of Dona Ana, New Mexico has waived its right to invoke the attorney-client privilege or work-product doctrine to shield certain material from discovery; (ii) whether Dona Ana County needs to produce various documents and other material that the Plaintiff United States of America has requested; and (iii) whether the Court should award the United States its costs for bringing this motion.  For the reasons stated at the hearing and for other reasons consistent with those already stated, the Court finds that Dona Ana County has not waived its defenses to production, but must prepare a privilege log for any material it withholds as privileged and must otherwise produce a variety of materials to the United States.  Additionally, the Court will award the United States some of its costs.

## FACTUAL AND PROCEDURAL BACKGROUND

This case is an action that the United States has brought against Dona Ana County for sex

discrimination.  On May 21, 2008, the United States filed its Complaint, <u>see</u> Doc. 1, which it amended a few weeks later, <u>see</u> Amended Complaint and Demand for Jury Trial, filed May 28, 2008 (Doc. 5)("Amended Complaint").  In the Amended Complaint, the United States alleges that Johnny Gomez, the supervisor for Sally Ramirez and several of her co-workers, sexually harassed them. <u>See</u> <u>id.</u> ¶ 7, at 2.  The United States also alleges that Dona Ana County failed or refused to take appropriate action to prevent and to promptly correct the sexual harassment and its effects.  After the Equal Employment Opportunity Commission ("EEOC") investigated and found that Ramirez' charges of harassment were substantiated and after voluntary resolution of the matter failed, the EEOC referred the case to the Department of Justice, and this litigation ensued.

Following the parties' rule 26 "meet and confer" on November 12, 2008, the Court held a rule 16 Scheduling Conference on December 19, 2008.  <u>See</u> Clerk's Minutes (Doc. 29).  At the Scheduling Conference, the Court verbally ordered deadlines and instructions on how the case would proceed, which the Court memorialized in a Scheduling Order on February 5, 2009.  <u>See</u> Doc. 33.  The United States served Dona Ana County with its first set of document requests on December 1, 2008, <u>see</u> Doc. 21, and with its first set of interrogatories on December 22, 2008, <u>see</u> Doc. 25. Dona Ana County, after receiving a three-day extension from the United States served its responses to the United States' first set of document requests on January 5, 2009.  <u>See</u> Doc. 26.  Believing that the responses were deficient, on January 12, 2009, the United States sent Dona Ana County a letter outlining the problems it identified with Dona Ana County's responses, seeking supplementation and requesting that the parties talk on January 22, 2009 to resolve any remaining differences.  <u>See</u> Exhibit E to Memo., Letter from Carolyn P. Weiss to Raul Carrillo, Jr. at 1, 10 (dated January 12, 2009)(Doc. 46-6).

On January 14, 2009, co-counsel for Dona Ana County, Rocio Toriz, informed the United

States that Raul Carrillo, lead counsel for Dona Ana County, had broken his arm.  See Exhibit F to

Memo., E-mail from Rocio Toriz to Carolyn Weiss (dated January 14, 2009)(Doc. 46-7).   As a

result, Dona Ana County sought and received from the United States its consent for Dona Ana

County to file a motion to extend Dona Ana County's time to supplement its document production

until February 5, 2009, on condition that the motion also seek a three-week extension of the

discovery deadline.  See Exhibit G to Memo., E-mail from Carolyn Weiss to Raul Carrillo (dated

January 22, 2009 (Doc. 46-8)("January 22, 2009 E-mail").  The parties memorialized this agreement

in Dona Ana County's January 22, 2009 motion to the Court.  See Doc. 31.

On January 26, 2009, Dona Ana County served its answers to the United States' first set of

interrogatories.  See Doc. 32.  On January 28, 2009, Dona Ana County informed the United States

that Mr. Carrillo's injury would require more treatment, which necessitated a further extension of

discovery.  See Exhibit I to Memo., E-mail from Raul Carrillo to Carolyn Weiss (dated January 28,

2009)(Doc. 46-10).  On February 2, 2009, the United States consented to provide Dona Ana County

additional time to fulfill its discovery obligations.  During the same conversations, the parties agreed

that further extensions of the discovery deadline would require shifting all case deadlines and that

Dona Ana County would seek the Court's permission to move all case deadlines six weeks.  See

Memorandum in Support of Motion to Compel Defendant's Discovery Responses and Answers at

2-3, filed March 19, 2009 (Doc. 46)("Memo.").

On February 4, 2009, based on the expectation that Dona Ana County would timely file its

motion for an extension of case deadlines, the United States sent Dona Ana County a letter outlining

deficiencies identified in Dona Ana County's interrogatory answers.  See Exhibit J to Memo., Letter

from Carolyn Weiss to Raul Carrillo (dated February 4, 2009)(Doc. 46-11).  The United States

provided until February 27, 2009, for Dona Ana County to supplement its answers.  See id. at 3.  As

Dona Ana County did not file the motion for an extension, the United States requested the extension upon which the parties had agreed. <u>See</u> Docs. 42 and 43.  The United States represents that, because of Dona Ana County's exigent circumstances and the parties' pending motion to extend, the United States has counted the twenty calendar days for filing this motion to compel from the date of Dona Ana County's extended time to respond to discovery. <u>See</u> D.N.M. LR-Civ. 26.6 (stating that a party receiving objections to discovery "must proceed under D.N.M.LR-Civ. 37.1 within twenty (20) calendar days of service of an objection").

Dona Ana County provided supplementation to its responses and answers to the United States' first round of discovery on February 27, 2009. <u>See</u> Docs. 40 and 41.  On March 3, 2009, the United States sent Dona Ana County a letter outlining what it thought were remaining deficiencies. <u>See</u> Exhibit M to Memo., Letter from Carolyn Weiss to Raul Carrillo (dated March 3, 2009)(Doc. 46-14)("March 3, 2009 Letter").  This letter also noted for the fourth time that Dona Ana County had not served its responses to the United States' second set of document requests, either on the date they were initially due, February 9, 2009, or by the extended deadline of February 27, 2009. <u>See</u> March 3, 2009 Letter.  Dona Ana County did not respond to this second set of document requests until the eve of the deadline for this motion. <u>See</u> Certificate of Service, filed March 17, 2009 (Doc. 44).  As a result, the parties agreed to extend the United States' time to file any necessary motion with the Court to permit the United States time to review these responses and the related production before seeking relief from the Court.

On Friday, March 6, 2009, Dona Ana County's counsel called the United States' counsel, and stated that Dona Ana County would further supplement its discovery responses and answers early the week of March 9, 2009.   The United States represents that the week of March 9, 2009, passed without supplementation.  On Monday, March 16, 2009, the United States made a request

for a final meet and confer, explaining that the United States was making another attempt to resolve these disputes cooperatively but would need to seek Court intervention on March 19, 2009 should disputes remain.  See Exhibit Q to Memo., E-mail from Carolyn Weiss to Raul Carrillo (dated March 19, 2009)(Doc. 46-18).  On the evening of March 17, 2009, Dona Ana County filed a certificate of service for additional supplementation, but sent a facsimile to the United States the following day stating that the supplementation was not mailed until March 18, 2009.  See Exhibit R to Memo., Facsimile Cover Sheet (dated March 18, 2009)(Doc. 46-19).  The United States says that it thus did not receive the supplementation before the March 18, 2009 filing deadline for this motion, but in response to the United States' final request for a meet and confer, Dona Ana County sent a letter to the United States identifying the requests and answers for which Dona Ana County was providing further discovery, and the requests and answers for which Dona Ana County was maintaining its prior objections and refusing to provide further response or answer.  See Exhibit S to Memo., Letter from Raul Carrillo to Carolyn Weiss (dated March 18, 2009)(Doc. 46-20).

Before receiving this letter, the United States' counsel had called the Court regarding the procedure for extending the time for a motion to compel on Dona Ana County's answers and responses to the United States' first round of discovery.  Dona Ana County's subsequent letter, however, made clear the issues on which the parties had reached an impasse in their efforts to confer with regard to the United States' first round of discovery.  On March 19, 2009, the United States' counsel attempted to contact Dona Ana County's counsel related to one issue left unresolved by Dona Ana County's March 18, 2009 letter, but was unable to reach Dona Ana County's counsel.

More than four and a half months have passed since the United States served Dona Ana County with its first set of document requests, more than three months have passed since the United States served its Second Request for Production of Documents, depositions have already begun and

are scheduled to continue, and Dona Ana County has not yet produced a privilege log.  The United States has now filed a motion to compel seeking to have the Court order production on a number of requests for production and interrogatories.   Dona Ana County asserts that it has provided exhaustive discovery, despite what it characterizes as the United States' overbroad and burdensome requests, and asks that the Court sustain its remaining objections.

## RELEVANT LAW REGARDING DISCOVERY

The scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense," and information sought is relevant "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  The federal discovery rules reflect the courts' and Congress' recognition that "mutual knowledge of all relevant facts gathered by both parties is essential to proper litigation."  Hickman v. Taylor, 329 U.S. 495, 507 (1947)(cited in Desmare v. State of New Mexico, Civ No. 07-0199 JB/RHS, U.S. Dist. LEXIS 97074, at * 7 (D.N.M., August 10, 2007)).  As a result, these rules "contemplate[] discovery into any matter that bears on or that reasonably could lead to other matter[s] that could bear on any issue that is or may be raised in a case."   Anaya v. CBS Broadcasting, Inc., 251 F.R.D. 645, 649-650 (D.N.M. 2007)(Browning, J.).

This standard reflects the fact that relevance for discovery purposes is broader than the scope of admissible evidence for trial purposes.  See EEOC v. University of Phoenix, Inc., Civ. No. 05-1048, 2007 U.S. Dist. LEXIS 34202, at * 8-9 (D.N.M. April 10, 2007)(Browning, J.).  Moreover, in employment discrimination cases, the scope of discovery is very broad.  See id. at * 9-10 (relying, in part, on Rich v. Martin Marietta Corp., 522 F.2d 333, 343 (10th Cir. 1975)).  "In Rich v. Martin Marietta Corp., the [United States Court of Appeals for the] Tenth Circuit noted that the purpose of Title VII is the 'elimination of employment discrimination' and added that '[i]t cannot be said,

therefore that the policy of this court has been to narrowly circumscribe discovery in EEOC cases.'" EEOC v. University of Phoenix, Inc., 2007 U.S. Dist. LEXIS 34202 at *10 (quoting Rich v. Martin Marietta Corp., 522 F.2d at 343-44)(alteration in EEOC v. University of Phoenix, Inc.; further quotation marks omitted).

It is the burden of the party invoking the attorney-client privilege to establish the applicability of that privilege, which is "narrowly construed."  Foster v. Hill, 188 F.3d 1259, 1264 (10th Cir. 1999)(quoted in Desmare v. State of New Mexico, 2007 U.S. Dist. LEXIS 97074, at * 8. See Motley v. Marathon Oil Co., 71 F.3d 1547, 1550 (10th Cir. 1995).  It is therefore insufficient for a party to assert, without more, that documents sought are privileged.  See Fed. Deposit Ins. Corp. v. United Pac. Ins. Co., 152 F.3d 1266, 1276 n. 6 (10th Cir. 1998).  The same rule is true for assertions that the work-product doctrine protects documents.  See Desmare v. State of New Mexico, 2007 U.S. Dist. LEXIS 97074, at * 11 (citing Resolution Trust Corp. v. Dabney, 73 F.3d 262, 266 (10th Cir. 1995)).

Rule 26(b)(5) requires that a party which withholds information on the grounds that it is privileged or subject to protection as trial-preparation material must identify, in some detail, which information is privileged and describe it in a way that allows the opposing party to ascertain the applicability of the privilege.  It is "well settled that failure to produce a privilege log . . . may be deemed waiver of the privilege."  Anaya v. CBS Broadcasting, Inc., 251 F.R.D. at 651.  See 1993 Comm. Note to Rule 26(b)(5)(explaining that to withhold material without providing the information required may be viewed as a waiver of the privilege or protection).  Although "minor procedural violations, good faith attempts at compliance, and other such mitigating circumstances bear against finding a waiver," the absence of evidence that the violating party ever produced a privilege log may justify a waiver of the privilege.  See In re: The TJX Companies, Inc. Fair and

AccurateCredit Transactions Act (FACTA) Litigation, 2008 U.S. Dist. LEXIS 46365, at *13-16 (D. Kan. June 12, 2008).

To assert the attorney-client privilege, a party must establish a communication between a lawyer and his client "relate[s] to legal advice or strategy sought by the client." United States v. Johnson, 146 F.3d 785, 794 (10th Cir. 1998)(cited in Desmare v. State of New Mexico, 2007 U.S. Dist. LEXIS 97074, at * 8). Communications do not become privileged solely because they involve an attorney. See Motley v. Marathon Oil Co., 71 F.3d at 1550-51.

## ANALYSIS

The United States' motion raises a variety of issues. The Court will not hold that Dona Ana County waived the attorney-client privilege, but will require it to produce a privilege log. Additionally, the Court will require the production of a variety of materials. Finally, the Court will award the United States some of its expenses associated with bringing this motion.

## I.   DONA ANA COUNTY HAS NOT WAIVED ITS CLAIM OF ATTORNEY-CLIENT PRIVILEGE AND WORK-PRODUCT PROTECTION BY FAILING OR REFUSING TO COMPLY WITH RULE 26(b)(5).

The United States contends that, as a result of its failure to produce a privilege log, Dona Ana County has waived its right to assert the attorney-client privilege and work-product protection over the documents withheld. Rule 26(b)(5)(A) requires that a party expressly assert the privilege, and "describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). Dona Ana County's assertion of a privilege, without providing a privilege log, is insufficient to comply with the rule. Though the Court will require the production of a privilege log, it will not hold that the privilege has been waived.

While the United States contends that Dona Ana County has clearly waived its right to invoke attorney-client privilege or work-product protection, the Court is reluctant to find a waiver here. Strong policy reasons underlie the attorney-client privilege. Preventing a party from invoking the privilege and requiring the production of materials that a party is otherwise entitled to shield from discovery is a harsh remedy. Dona Ana County has stated that it is invoking the privilege, even if its invocation fails to comply with the rules. At this time, the Court believes that this deficiency is more appropriately remedied through an order that Dona Ana County comply with rule 26(b)(5)(A).

## II.   DONA ANA MUST PRODUCE NON-PRIVILEGED DOCUMENTS.

While the Court does not deem Dona Ana County's privileges waived, Dona Ana County appears to have improperly asserted attorney-client privilege and work-product protection. Many of Dona Ana County's assertions of privilege and protection lack sufficient foundation to withstand judicial scrutiny. Most of the documents that Dona Ana refuses to produce because of Caldwell's involvement fall into four categories:

* Request Nos. 4 and 5: Documents and electronic data relating to the County's efforts to communicate or disseminate information related to the County's policies and procedures for reporting sex discrimination, including any trainings of certain groups and individuals (including Caldwell) about such reporting policies;

* Request Nos. 7 and 8: Documents and electronic data relating to the County's efforts to communicate or disseminate information about, or train certain groups and individuals (including Caldwell) about the County's policies for receiving, investigating, and responding to complaints of sex discrimination;

* Request No. 12: Documents and electronic data relating to the work performance, promotions, transfers and discipline of certain current and former County employees (including Caldwell);

* Request No. 15: Documents and electronic data relating to communications

-9-

> or decisions by particular individuals (including Caldwell) about: 1) disciplinary problems of the alleged victims, the offender and other people identified by the United States as potential witnesses in its Initial Disclosures (including Caldwell); or 2) complaints about Johnny Gomez, the alleged offender, or about Armando Cordeno, who is Gomez's supervisor and is alleged to have failed to respond to reports about Gomez's alleged harassment.

Memo. at 7-8 (citing Exhibit A at 10-12, 14-15; Exhibit D at 5-12).

Without a privilege log to review, the Court will not order the immediate production of any documents that the County maintains are privileged. The Court will, however, order Dona Ana County to prepare a privilege log within seven days of the hearing for any material it intends to continue withholding as privileged. In the course of preparing this log, the County should reevaluate what documents it should claim are privileged. As the Court stated at the hearing, to guide Dona Ana County in this endeavor, the Court notes that it is likely to find non-privileged any information that would have come to Caldwell in his capacity as Human Resources Director or a business manager anyway, even had he not been the County Attorney, or that was widely disseminated. See Anaya v. CBS Broadcasting, Inc., 251 F.R.D. at 650, 652-53.

More specifically, with respect to Request Nos. 4, 5, 7, and 8, the Court does not see, from the record before the Court, how documents reflecting that Caldwell has received information and training regarding Dona Ana County's policies and procedures for reporting and investigating sex discrimination could be privileged. The limited information provided about Caldwell's training in its supplemental interrogatory responses demonstrates the lack of factual foundation for Dona Ana County's position. Documents related to Caldwell's attendance at and training on "20 Crucial Things Your Supervisors Must Know About Workplace Law" are not privileged. Dona Ana County should not use the attorney-client privilege and work-product doctrine as a shield to legitimate discovery. Similarly, promotions, performance evaluations, transfers, and disciplinary records are

not likely to implicate the attorney-client privilege or work-product doctrine.

With respect to Request No. 15, the United States has clarified that it is not seeking documents or electronic data related to Caldwell or generated by him as a result of his duties to provide legal advice or strategy. Rather, the United States says that it is generally seeking documents and electronic data related to or generated by Caldwell in his former capacity as interim Director of Human Resources, which he held during the relevant time period. Such documents and electronic data would likely not be privileged, despite Caldwell's other responsibilities as County Attorney.

Moreover, even to the extent any responsive documents and electronic data relate to Caldwell in his capacity as a County Attorney, they are still not necessarily privileged. His communications regarding business matters and management decisions are not privileged. See Anaya v. CBS Broadcasting, Inc., 251 F.R.D. at 650. Furthermore, the documents and electronic data related to Caldwell's participation in the alleged preventive or corrective measures on which Dona Ana County bases its Faragher/Ellerth affirmative defense would be discoverable if not privileged or otherwise protected by the work-product doctrine. See Desmare v. State of New Mexico, 2007 U.S. Dist. LEXIS 97074, at * 25-26.

III.   **DONA ANA COUNTY MUST PRODUCE THE REQUESTED NON-PRIVILEGED MATERIAL FROM REQUESTS FOR PRODUCTION NOS. 1 THROUGH 15.**

During the hearing, Mr. Carrillo represented that the County had largely produced the information relevant to Requests for Production Nos. 1 through 15 that were still in dispute. Mr. Carrillo stated that the County was still withholding the personnel files of Caldwell, Brenda Biscaino, Mary Pierce, Leticia Benavidez, and Dolores Saldana-Caviness. On the personnel records of those five individuals that have been withheld, the Court will require Dona Ana County to

produce any performance evaluation, discipline, promotion, and transfer records, but will not require the production of compensation records.  If Dona Ana County seeks a protective order for those documents, the Court will not disallow that objection, even though Dona Ana County did not raise privacy issues in its responses to document requests.  The parties should try to work out any protective order before approaching the Court on the matter.

In addition, the training documents for those individuals and other human resources individuals should be produced.  There is some disagreement among the parties whether those documents have already been produced.  The parties should discuss whether there are any remaining training materials that have not been produced.  If the parties are unable to resolve among themselves whether they have been produced, the Court will intervene if necessary -- and is willing to do so by telephone without a formal motion if the parties agree -- but to aid the parties in their discussion, the Court notes that it is likely to order such materials produced.

The last issue relating to the various individuals discussed in the briefing regards Requests Nos. 14 and 15.  On Requests Nos. 14 and 15, the Court will order Dona Ana County to send a letter to Carolyn Weiss, the United States' attorney, explaining, as Dona Ana County offered, that there are no documents in any files in its possession, custody, or control that are responsive.  The Court also finds that those requests are for relevant and discoverable information.  All of the training materials and personnel files, as well as the letter to Ms. Weiss, will be produced by June 22, 2009 at noon in pdf format, with a hard copy sent to the United States Attorney's Office in Las Cruces, New Mexico.

## IV.      DONA ANA COUNTY MUST PRODUCE ITS INSURANCE POLICY.

Interrogatory No. 11 requests information about insurance coverage that Dona Ana County has which might cover a judgment in this case, while Request for Production No. 22 asks for

documents and electronic data related to the insurance.  The United States argues that Dona Ana County has failed to timely produce this information.  At the hearing, Mr. Carrillo stated that he had finally managed to obtain a copy of the 2006 insurance policy and that is was being sent to the United States.  The Court will also order that Dona Ana County produce its 2005 insurance policy within seven days of the date of the hearing.  If the United States does not need the 2005 policy, it should inform the County.  The policy must be produced within seven days of the hearing.

## V.    DONA ANA COUNTY NEEDS TO PRODUCT DOCUMENTS AND ELECTRONIC DATA RELATED TO COMPLAINTS OF DISCRIMINATION AGAINST DONA ANA COUNTY.

Request for Production No. 18 seeks documents and electronic data relating to complaints of sex discrimination either filed with or against Dona Ana County.  Dona Ana County responded to the United States' request by stating only: "See Exhibits A and B for responsive documents previously produced to the United States."  Exhibit D to Memo., Defendant's Responses to Plaintiff's First Set of Request for Production of Documents, No. 18, at 14 (Doc. 46-5).  Later, Dona Ana County supplemented its response by lodging an objection that the request was irrelevant to the extent it sought information relating to events that occurred outside the Department of Facilities and Parks or that predated the current administration or human resources policies.  See Exhibit K, First Supplemental Responses to Plaintiff's First Set of Request for Production of Documents, No. 18, at 8 (Doc. 46-12).  The United States contends that this objection should be deemed waived.  Although the Court does not find the objection waived, the Court will overrule the objection.  Dona Ana County should produce county-wide responsive information, which should date back, as the United States suggested in its motion, to five years preceding the date of the discrimination in 2005 alleged in this case, i.e., from June 2000.  The information must be produced by June 22, 2009 at noon in pdf format, with a hard copy sent to the United States Attorney's Office in Las Cruces, New

-13-

Mexico.

## VI.   <u>DONA ANA COUNTY MUST PRODUCE THE SURVEY.</u>

Request for Production No. 29 asks for documents and electronic data relating to a survey conducted by or for the County's Human Resources Department around the summer or fall of 2007. Contending that the request is overbroad and irrelevant, Dona Ana County has thus far refused to produce the survey.  At the hearing, the County asked to be allowed to send the survey to the Court and have the Court review it in camera.  The Court agreed to do so, but informed the parties that it was inclined to order production.  Having now reviewed the survey, which asks employees about their views on the Human Resources Department, the Court believes that its initial inclination was correct and will order the survey be produced to the United States.

## VII.   <u>DONA ANA COUNTY WILL RESPOND TO INTERROGATORY NO. 2 AND REQUEST FOR PRODUCTION NO. 20.</u>

Interrogatory No. 2 asks Dona Ana County to state the factual basis for its numbered defenses or affirmative defenses, and to identify persons with knowledge of those factual bases.  In a similar vein, Request for Production No. 20 seeks documents and electronic data that Dona Ana County contends supports its defenses.  Dona Ana County has not answered the interrogatory, asserting that it is a contention interrogatory and that an answer should not be required until a later date, nor has it responded to the request.

The Court will overrule the Defendants' objections.  It is not necessary for the Court to determine whether Interrogatory No. 2 is a contention interrogatory.  As the Honorable William Lynch, United States Magistrate Judge, has stated: "Interrogatories may ask for the material or principal facts that support a party's contentions, and contention interrogatives that do not encompass every allegation, or a significant number of allegations, made by a party are proper."

-14-

Lucero v. Valdez, 240 F.R.D. 591, 594 (D.N.M. 2007)(Lynch, J.).   Accord Anaya v. CBS

Broadcasting, Inc., 2007 U.S. Dist. LEXIS 55676, at *15-16, *20-21 (D.N.M. May 16, 2007); Fed.

R. Civ. P. 33(a)(2).  The Defendants will answer Interrogatory No. 2 and respond to Request for

Production No. 20.  As the Court stated at the hearing, while the Court cannot tell the County

exactly what principal facts it needs to give to the United States to meet its discovery obligations,

to help guide discovery, the Court notes that this far along in the case the Court would be likely to

favor more rather than less disclosure.

## VIII.   DONA ANA COUNTY MUST FORMALLY INFORM THE UNITED STATES THAT IT HAS NO MORE RESPONSIVE DOCUMENTS FOR REQUEST NO. 16.

Request for Production No. 16 asks for documents and electronic data on communications

relating to the Department of Justice's investigation of Sally Ramirez' EEOC charge.  At the

hearing, Mr. Carrillo stated that there are no responsive documents other than those already

produced.  The Court will require Mr. Carrillo to send the United States a formal response signed

under rule 11 stating that there are no responsive documents other than the letters to Mr. Caldwell

already produced.

## IX.   THE COURT WILL OVERRULE, FOR THE PRESENT TIME, DONA ANA COUNTY'S OBJECTION TO PRODUCING ELECTRONIC DATA.

One general matter that the United States raises is the County's alleged failure to fully

produce electronic data.  The United States' document requests seek both documents and electronic

data.  According to the United States, it does not appear from Dona Ana County's initial or

supplemental responses that Dona Ana County has made diligent efforts to search for electronic data

in response to the United States' document requests.  The United States states that, although a

handful of electronic mail transmissions are contained in the document production, it appears these

e-mails already existed in hard copy at the time they were produced and that the production is not

complete.  While the County contends that the United States' requests are unduly burdensome, the Court cannot at this time say that the County's objections should be sustained.  The Court will overrule the objection, but give Dona Ana County time to discern how it can comply with the requests and what costs compliance would entail.  If compliance is unusually burdensome, then the County may reapproach the Court, but the Court will need a more detailed foundation to make a decision, such as having affidavits from computer experts on the nature and costs that would be associated with compliance.  At the present time, the Court will order that electronic discovery be produced within forty-five days of the hearing.

**X.    THE COURT WILL OVERRULE THE GENERAL OBJECTIONS.**

During the hearing, the Court also overruled the general objections that Dona Ana County has raised, as well as the relevance objection to Interrogatory No. 3, and the relevance, undue burden, and overbreadth objections to Interrogatory No. 8.  Dona Ana County should review answers to interrogatories, and if information is being withheld to any of those objections, it should amend those answers.  If the answers are complete, despite the objections, then the County should send a letter to the United States stating that the County has no other information to provide.  This ruling does not preclude the County from reraising the objections in response to information the County may discover at a later date that it would otherwise need to provide as part of its continuing disclosure obligations.  Any supplemental answers or a letter stating that no amendment is needed must be produced by June 22, 2009 at noon.

**XI.   THE COURT WILL AWARD SOME EXPENSES TO THE UNITED STATES.**

As stated at the hearing, the Court will award expenses to the United States, although it will award less than the amount sought.  Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure requires the Court to award expenses to a movant who is at least partially successful on a discovery

motion. <u>See</u> Fed. R. Civ. P. 37(a)(5)(C) ("If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.").[1]  The United States is not seeking attorney's fees for the motion, which reduces it possible request rather substantially. Given this reduction, the Court will not substantially reduce the award.  Some of Dona Ana County's positions were justified, so some reduction is appropriate.  Taking the United States' voluntary reduction into account, the Court believes that an award of eighty percent of the United States' costs, but not attorney's fees, incurred from bringing the motion is an appropriate apportionment of expenses.

**IT IS ORDERED** that the Plaintiffs' Motion to Compel Defendant's Discovery Responses and Answers is granted in part and denied in part as explained in this memorandum opinion and order.

_____
UNITED STATES DISTRICT JUDGE

---

[1] In contrast with rule 37(a)(5)(A), which expressly provides that "reasonable expenses . . . includ[e ] attorney's fees," rule 37(a)(5)(C) mentions only reasonable expenses, without further elaboration.  It is likely that rule 37(a)(5)(C), used when a motion is granted only in part, also provides for attorney's fees. Courts have awarded fees under this part of the rule. <u>See</u>, <u>e.g.</u>, <u>Knights Armament Co. v. Optical Systems Technology, Inc.</u>, 254 F.R.D. 470, 472 (M.D.Fla. 2008).  The United States is only seeking its costs, however, so the Court need not resolve any possible discrepancy.

*Counsel*:

Gregory Fouratt
   United States Attorney
Michael H. Hoses
Elizabeth M. Martinez
   Assistant United States Attorneys
Albuquerque, New Mexico

-- and --

John M. Gadzichowski
   Section Chief
Carolyn Peri Weiss
   Senior Trial Attorney
Richard S. O'Brien
William B. Fenton
Lori Beth Kisch
United States Department of Justice
Civil Rights Division, Employment Litigation Section
Washington, D.C.

   *Attorneys for the Plaintiff*

Paul Michael Gayle-Smith
Law Offices of Paul M. Gayle-Smith
Las Cruces, New Mexico

   *Attorneys for the Intervenor-Plaintiff*

Rocio Toriz
Alameda, California

-- and --

Raul A. Carrillo, Jr.
Elizabeth B. Driggers
Steven E. Jones
Carrillo Law Firm, P.C.
Las Cruces, New Mexico

   *Attorneys for the Defendant*