IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    and

SALLY RAMIREZ                                        No. CIV 08-0501 JB/WPL

    Plaintiff-Intervenor,

vs.

BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY
OF DONA ANA, NEW MEXICO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Opposed Motion for Extension of Time to Supplement Interrogatory Answers and Limited Request for Production of Documents, filed June 22, 2009 (Doc. 108) ("Motion"). The Court held a hearing on July 16, 2009. The primary issue is whether the Court should grant a one-day extension of time for Defendant Board of County Commissioners of the County of Dona Ana, New Mexico to provide supplemental interrogatory answers and to produce documents where the extension may require the Plaintiff to re-open depositions. The Court, after careful review of the record and the parties' arguments, will grant the Defendant's Opposed Motion for Extension of Time to Supplement Interrogatory Answers and Limited Request for Production of Documents.

## PROCEDURAL BACKGROUND

On June 8, 2009, the Court ordered the County to produce a series of documents and, as

needed, to supplement interrogatory answers. See Motion at 1. From the date of the hearing through the filing of this motion, the County has produced the following discovery: (i) the Defendant's First Supplemental Responses to Plaintiff's Third Request for Production; (ii) the Defendant's Fifth Supplemental Responses to Plaintiff's First Request for Production; (iii) the Defendant's Supplemental Responses to Requests for Production and Privilege Log; (iv) the Defendant's Seventh Supplemental Responses to Plaintiff's First Set of Requests for Production; and (v) the Defendant's Eighth Supplemental Responses to Plaintiff's First Set of Requests for Production. See Motion at 1. Because of delays "which in part relate to another of the Court's order[s] regarding production of electronic data," the County requests an extension of time of one day to respond to the Plaintiff United States of America's interrogatories and request for production. Motion at 2.

The United States opposes the motion "in light of Plaintiff's imminent depositions and Plaintiff's inability to know what information it was not being provided, as well as the lack of extenuating circumstances on the part of Defendant to justify the delay." Plaintiff's Amended Response to Defendant's Opposed Motion for Extension of Time to Supplement Interrogatory Answers and Limited Request for Production of Documents ¶ 4, at 2, filed July 7, 2009 (Doc. 121)("Response"). The United States asserts that it "has expended considerable time and effort trying to obtain even the slightest amount of compliance by Defendant regarding its discovery obligations," and contends that the "Defendant's long history of delinquency related to its discovery obligations leads the United States to seriously question the adequacy of Defendant's efforts to comply with the Court's June 8th Order." Response ¶¶ 9-10, at 4. The United States believes that "all such belated [i.e., served after the Court's June 22 deadline] answers and production should be deemed untimely." Response ¶ 12, at 5. The United States concludes by stating that, not only has

-2-

the "Defendant's conduct to date . . . vexatiously multiplied the proceedings, requiring numerous motions and related filings . . . that have consumed significant time and resources," but that the "Defendant's ongoing failure to comply with this Court's June 8th Order will continue to multiply the proceedings, as such delinquencies will likely lead Plaintiff to have to continue or re-open depositions, and to bring any disputes about doing so before this Court."  Response ¶ 13, at 5.

## LAW REGARDING TIME TO ANSWER INTERROGATORIES AND TO PRODUCE DOCUMENTS

Rule 33 of the Federal Rules of Civil Procedure provides that: "The responding party must serve its answers and any objections within 30 days after being served with the interrogatories.  A shorter or longer time may be stipulated to under Rule 29 or be ordered by the Court."  Fed. R. Civ. P. 33(b)(2).  When a party serves a request to produce documents, the "party to whom the request is directed must respond in writing within 30 days after being served.  A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court."  Fed. R. Civ. P. 34(b)(2)(A).

## ANALYSIS

The County seeks a short extension of time to respond to the United States's interrogatories and request for production.  The United States opposes an extension, reasoning that extensions of deadlines may require it to re-open depositions.  The Federal Rules of Civil Procedure permit the Court to extend deadlines to respond to interrogatories and requests for production.  See Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A).  The Court ordered the County to produce a lot of material on rather short deadlines.  The record shows that the County attempted in good faith to comply with the Court's deadlines. The Court finds that a one-day extension is appropriate.  The Court expects that a short extension of time will cause little or no prejudice to the United States.  The United States may seek relief from the Court if the short extension prejudices it.

**IT IS ORDERED** that the Defendant's Opposed Motion for Extension of Time to Supplement Interrogatory Answers and Limited Request for Production of Documents is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory Fouratt
  United States Attorney
Michael H. Hoses
Elizabeth M. Martinez
  Assistant United States Attorneys
Albuquerque, New Mexico

-- and --

John M. Gadzichowski
  Section Chief
Carolyn Peri Weiss
  Senior Trial Attorney
Richard S. O'Brien
William B. Fenton
Lori Beth Kisch
United States Department of Justice
Civil Rights Division, Employment Litigation Section
Washington, D.C.

    *Attorneys for the Plaintiff*

Paul Michael Gayle-Smith
Law Offices of Paul M. Gayle-Smith
Las Cruces, New Mexico

    *Attorney for the Intervenor-Plaintiff*

Rocio Toriz
Alameda, California

-- and --

Raul A. Carrillo, Jr.
Elizabeth B. Driggers
Steven E. Jones
Carrillo Law Firm, P.C.
Las Cruces, New Mexico

    *Attorneys for the Defendant*