IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

       and

SALLY RAMIREZ                                           No. CIV 08-0501 JB/WPL

       Plaintiff in Intervention,

vs.

BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY
OF DOÑA ANA, NEW MEXICO,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Defendant's Second Motion for Extension of Time to Respond to Motion for Contempt and for Sanctions Filed October 6, 2009, filed November 2, 2009 (Doc. 195); (ii) the Defendant's Third Motion for Extension of Time to Respond to Motion for Contempt and for Sanctions Filed October 6, 2009, filed November 4, 2009 (Doc. 197); (iii) the Defendant's Fourth Motion for Extension of Time to Respond to Motion for Contempt and for Sanctions Filed October 6, 2009, filed November 6, 2009 (Doc. 199); and (iv) the Defendant's Motion for Leave to Supplement its 11/8/09 Response to Plaintiff's Motion for Contempt and for Sanctions, filed November 8, 2009 (Doc. 201). The Court held a hearing on January 4, 2010. The primary issue is whether Defendant Board of County Commissioners of the County of Doña Ana, New Mexico, has shown good cause for the extensions of time and the supplement. The Court, after careful review of the record and the parties' arguments, will grant the

Defendant's four motions.

## **PROCEDURAL BACKGROUND**

On October 6, 2009, Plaintiff United States of America filed a motion for contempt and for sanctions. See United States' Motion to Hold Defendant in Contempt and for Sanctions (Doc. 175). The County filed its first motion for an extension of time to respond to the United States' Motion for contempt and for sanctions on October 26, 2009. See Defendant's Unopposed Motion for Extension of Time to Respond to Motion for Contempt and for Sanctions Filed October 6, 2009, filed October 26, 2009 (Doc. 190). The Court granted the County's first motion for an extension of time to respond to the United States' motion for contempt and for sanctions on November 3, 2009, and ordered that the County had up to and including November 2, 2009, in which to respond to the United States' motion for contempt and for sanctions. See Order, filed November 3, 2009 (Doc. 196).

On November 2, 2009, the County submitted its second motion for an extension of time, until November 4, 2009, to file its response to the United States' motion for contempt and sanctions. See Doc. 195. Raul Carrillo, counsel for the County, reported that he was not able to render a response to the motion that evening. See Second Motion ¶ 2, at 1. Mr. Carrillo represented that an unknown creature bit him while he was in the Yucatan jungle and that this bite caused an adverse affect to his body. See id. ¶ 1, at 1. Mr. Carrillo became ill upon a return trip from Mexico on November 2, 2009. See id. On November 2, 2009, Mr. Carrillo sought medical attention. See id.

On November 4, 2009, the County filed its third motion for an extension of time, until November 6, 2009, to file its response to the United States' motion for contempt and sanctions. See Doc. 197. The County sought the third extension because Mr. Carrillo did not recover as he anticipated and, as of November 4, 2009, remained under the care of a doctor, on bed rest, and on

antibiotics.  See id. ¶ 1, at 1-2.

On November 6, 2009, the County filed its fourth motion for an extension of time, until November 8, 2009, to file its response to the United States' motion for contempt and sanctions.  See Doc. 199.  The County sought the fourth extension because Mr. Carrillo did not recover as he anticipated and, as of November 6, 2009, remained under a doctor's care.  See id. ¶ 1, at 1.

The County filed its response to the United States' motion for contempt and sanctions on November 8, 2009.  See Doc. 200.  The County also filed its Motion for Leave to Supplement its 11/8/09 Response to the United States' motion for contempt and sanctions on November 8, 2009.  See Doc. 201.  The County seeks leave to supplement its response because Mr. Carrillo could not completely respond because of his ongoing illness.  See id. at 1.  Specifically, the County seeks leave to submit affidavits of an ex-employee of the County, of the County's attorney, and of Mr. Carrillo in response to allegations that specific instructions to preserve and retain documents were not given.  See Motion to Supplement at 1.

The United States filed a response in opposition to the County's three motions for an extension of time and the County's motion to supplement its response.  See Plaintiff's Response in Opposition to Defendant's Second, Third and Fourth Motions for Extension of Time to Respond to Plaintiff's Motion to Hold Defendant in Contempt and for Sanctions and in Opposition to Defendant's Motion for Leave to Supplement its Response to Plaintiff's Motion to Hold Defendant in Contempt and for Sanctions, filed November 18, 2009 (Doc. 215).  The United States contends that the Court should deny the four motions because the County has not demonstrated good cause for further extending the time to respond or for receiving a second opportunity to respond.  See id. at 1-2.

The Court held a hearing on January 4, 2010, on the County's three motions for extensions

of time and the County's motion to supplement its response.  See Clerk's Minutes, filed January 4, 2010 (Doc. 252).  The Court heard from the United States and the County.  See id.  Counsel for the Plaintiff in Intervention Sally Ramirez, however, did not attend the hearing.  See id.

### LAW REGARDING EXTENSIONS OF TIME AND AFFIDAVITS

Rule 6 of the Federal Rules of Civil Procedure allows the Court to grant extensions of time to file a response and to grant leave to supplement a response with affidavits.  Rule 6 provides:

> **(b) Extending Time.**
>
> **(1)** *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> **(A)** with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> **(B)** on motion made after the time has expired if the party failed to act because of excusable neglect.
>
> **(2)** *Exceptions*. A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).
>
> **(c) Motions, Notices of Hearing, and Affidavits.**
>
> **(1)** *In General.* A written motion and notice of the hearing must be served at least 14 days before the time specified for the hearing, with the following exceptions:
>
> **(A)** when the motion may be heard ex parte;
>
> **(B)** when these rules set a different time; or
>
> **(C)** when a court order -- which a party may, for good cause, apply for ex parte -- sets a different time.
>
> **(2)** *Supporting Affidavit*. Any affidavit supporting a motion must be served with the motion. Except as Rule 59(c) provides otherwise, any opposing affidavit must be served at least 7 days before the hearing, unless the court permits service at another time.

Fed. R. Civ. P. 6 (emphasis in original).    Good cause "generally means a substantial reason

amounting in law to a legal excuse for failing to perform an act required by law." Black's Law Dictionary 692 (6th ed. 1990). "[A] finding of excusable neglect under Rule 6(b)(2) requires both a demonstration of good faith by the parties seeking the enlargement and also it must appear that there was a reasonable basis for not complying within the specified period." In re Four Seasons Sec. Law Litig., 493 F.2d 1288, 1290 (10th Cir. 1974). See Putnam v. Morris, 833 F.2d 903, 905 (10th Cir. 1987)("some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified is normally required.")(quoting Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1305 (5th Cir. 1985)). "[I]t is well established that inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect for purposes of Rule 6(b)." Quigley v. Rosenthal, 427 F.3d 1232, 1238 (10th Cir. 2005).

**ANALYSIS**

The County seeks three short extensions of time to file a response because Mr. Carrillo became ill and did not recover as soon as he had expected. The County also seeks to supplement its response with three affidavits arguing that Mr. Carrillo could not complete the response because of his ongoing illness. The United States opposes the extensions and supplement, arguing that the County has not shown good cause and that the extensions and supplement will prejudice the United States by delaying resolution of the United States' motion for contempt and for sanctions. See Response at 1, 8.

The Court finds that Mr. Carrillo's illness is good cause and a reasonable basis for granting the extensions of time and allowing the County to supplement its response. See Audio Recording of January 4, 2009 hearing at 4:35:15-4:36:50 p.m. Given that the United States' motion for contempt and sanctions is a serious matter, the Court is reluctant to grant the motion for contempt

and sanctions without being fully informed, and finds that it is in the best interest of all the parties for the Court to allow the County to supplement its response. See id. at 4:36:50-4:39.18 p.m. If allowing the extensions and the supplement causes any prejudice to the United States by delaying resolution of this case, the Court can mitigate that prejudice by making adjustments to the case schedule. See id.

**IT IS ORDERED** that the Defendant's Second Motion for Extension of Time to Respond to Motion for Contempt and for Sanctions Filed October 6, 2009, the Defendant's Third Motion for Extension of Time to Respond to Motion for Contempt and for Sanctions Filed October 6, 2009, the Defendant's Fourth Motion for Extension of Time to Respond to Motion for Contempt and for Sanctions Filed October 6, 2009, and the Defendant's Motion for Leave to Supplement its 11/8/09 Response to Plaintiff's Motion for Contempt and for Sanctions are granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory Fouratt
  United States Attorney
Michael H. Hoses
Elizabeth M. Martinez
Jan Elizabeth Mitchell
  Assistant United States Attorneys
Albuquerque, New Mexico

-- and --

John M. Gadzichowski
  Section Chief
Carolyn Peri Weiss
  Senior Trial Attorney
Richard S. O'Brien
William B. Fenton
Lori Beth Kisch
Rachel R. Hranitzky
United States Department of Justice
Civil Rights Division, Employment Litigation Section
Washington, D.C.

    *Attorneys for the Plaintiff*

Paul Michael Gayle-Smith
Law Offices of Paul M. Gayle-Smith
Las Cruces, New Mexico

    *Attorney for the Plaintiff in Intervention*

Rocio Toriz
Alameda, California

-- and --

Raul A. Carrillo, Jr.
Steven E. Jones
Carrillo Law Firm, P.C.
Las Cruces, New Mexico

    *Attorneys for the Defendant*