IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

and

SALLY H. RAMIREZ,

        Plaintiff-Intervenor

vs.                                                                                            No. CIV 08-0501 JB/WPL

BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY
OF DOÑA ANA, NEW MEXICO,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

        **THIS MATTER** comes before the Court on the Plaintiff-Intervener's [sic] Opposed Motion for Extension of Time to File Her Response to Defendant's Amended Motion for Judgment on the Pleadings, filed December 30, 2009 (Doc. 245). The Court held a hearing on February 16, 2010. The primary issue is whether the Court should allow the Plaintiff-Intervenor, Sally H. Ramirez, an extension of time to file her response to the Defendant's Amended Motion for Judgment on the Pleadings. Although the Court does not approve of the way that Ramirez has handled her response to Defendant Board of County Commissioners of the County of Doña Ana, New Mexico's motion, the Court believes that it is important, if at all reasonably possible, to decide the motion on its merits rather than on a technical default or without Ramirez' input, and the Court will therefore grant Ramirez' motion.

**PROCEDURAL BACKGROUND**

The United States initiated this case in May of 2008. See Complaint and Demand for Jury Trial, filed May 21, 2008 (Doc. 1). It is unclear when Ramirez or her counsel became aware of this suit. Presumably, however, Ramirez knew about the case around the time it was filed. She filed her motion to intervene approximately one year later, on May 7, 2009. See Motion to Intervene, filed May 7, 2009 (Doc. 68).

On July 23, 2009, the Court entered an Amended Scheduling Order, setting forth briefing deadlines for dispositive motions. See Amended Scheduling Order at 2, filed July 23, 2009 (Doc. 137). Non-discovery pretrial motions were due to be served on opposing counsel by January 28, 2010. Ramirez' deposition was taken on August 12, 2009.

Doña Ana County first filed its original version of the motion for judgment on the pleadings on December 14, 2009. See Defendant's Motion for Judgment on the Pleadings on Sally Ramirez's Complaint for Civil Rights Violations, filed December 14, 2009 (Doc. 233). Doña Ana County filed its Amended Motion for Judgment on the Pleadings on Christmas Eve, 2009. See Defendant's Amended Motion for Judgment on the Pleadings Regarding Plaintiff-In-Intervention Sally Ramirez' Complaint for Civil Rights Violations, filed December 24, 2009 (Doc. 242). The arguments in the two motions are substantially similar.

Doña Ana County's motion is styled as a motion for judgment on the pleadings. By its own terms, and despite its title,[1] Doña Ana County's motion is a motion for summary judgment on all

---

[1] Ramirez contends that the motion has a misleading title. The Court need not decide whether the title is misleading or whether it was intentionally so, because all parties agree that the Court should treat it as a motion for summary judgment. See Defendant's Response to Plaintiff-Intervener's [sic] Opposed Motion for an Extension of Time to File her Response to Defendant's Amended Motion for Judgment on the Pleadings ¶ 2, at 2, filed January 14, 2010 (Doc. 269) ("Response")("Defendant's Amended Motion for Judgment on the Pleadings does in fact request

of Ramirez' state-law claims. Doña Ana County concedes that its motion requests a summary disposition of portions of Ramirez' claims. See Response ¶ 2, at 2.

Doña Ana County's motion is lengthy. Including exhibits, the motion is approximately fifty-four pages in length. While the Court has not had an opportunity to review that motion in any detail, Ramirez contends that the motion raises many novel legal and factual issues, each of which will require her counsel to conduct a thorough review and response. See Motion ¶ 4, at 2; Plaintiff-Intervener's [sic] Reply Regarding Her Opposed Motion for an Extension of Time to File Her Response to Defendant's Amended Motion for Judgment on the Pleadings ¶ 4, at 3, filed January 28, 2010 (Doc. 279)("Reply"). Doña Ana County responds that its motion does not raise novel, legal, or factual issues, and is instead based on long-standing New Mexico statutory law, established federal law, and facts of which all counsel have been aware since Ramirez' deposition and since the Collective Bargaining Agreement was adopted in 2006. See Response ¶ 4, at 2.

At the time that Ramirez filed this motion for an extension of time, her response to Doña Ana County's motion was due on January 11, 2010.[2] Ramirez' counsel, a solo practitioner without co-counsel, paralegals, or other employees, chose to take leave for a period of approximately five weeks during this litigation. See Motion ¶¶ 5-7, at 2; Response ¶¶ 5-7, at 2-3. At the time he filed his motion, Ramirez's counsel represented that he was currently working from outside of the country and was not scheduled to return to the United States until January 25, 2010. See Motion ¶ 5, at 2. Additionally, Ramirez' counsel represented that he lost valuable time to respond to Doña Ana

---

a summary disposition of portions of the Plaintiff-in-Intervention's claims.").

[2] In her motion, Ramirez stated that her response was due on January 11, 2009. The parties agree, however, that this date was a typographical error and that the current due date is January 11, 2010.

County's motion because it was filed on Christmas Eve, because of the religious holiday he spent with his family in New York, and because of the days lost while traveling abroad during the pendency of the response. See Motion ¶ 6, at 2.

Ramirez moves the Court for an extension of time to file her response to Doña Ana County's motion for judgment on the pleadings. Her counsel states that he needs to consult with his client, to have access to his files, and to conduct research to properly respond to Doña Ana County's motion. See Motion ¶ 8, at 2. Ramirez represents that all of these tasks are very difficult and expensive for her counsel to perform because he is out of the country. See id. Ramirez and her attorney state that they would like to file an effective legal response to Doña Ana County's motion. See Motion ¶ 10, at 2. She contends that her rights would be irreparably harmed if her counsel does not have sufficient time to provide an adequate legal response by the current due date, which was January 25, 2010. See Motion ¶ 10, at 2. Ramirez maintains that an extension of time until February 8, 2010 will not interfere with any upcoming court deadlines. See id. ¶ 11, at 2. Accordingly, Ramirez requests an extension of time until February 8, 2010 to file her response to Doña Ana County's motion. See Motion at 3.

The counsel for the United States does not oppose Ramirez' motion for extension of time. Doña Ana County's counsel opposes Ramirez' motion. On January 14, 2010, Doña Ana County filed its Response to Plaintiff-Intervener's Opposed Motion for an Extension of Time to File Her Response to Defendant's Amended Motion for Judgment on the Pleadings. See Doc. 269. In response, Doña Ana County essentially asserts that Ramirez' reasons for needing an extension of time are all the fault of her attorney's decision to go on a five-week vacation during the course of this litigation and do not justify an extension of time to file a response. See Response ¶¶ 3-11, at 2-5. At the hearing on this motion, all parties agreed that argument on this motion would not be

necessary.

## LAW REGARDING EXTENSIONS OF TIME

Rule 6(b) of the Federal Rules of Civil Procedure governs the circumstances under which a court can grant a party an extension of time to perform a specific act. The rule states:

> **(b) Extending Time.**
>
> > **(1) *In General.*** When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> >
> > > **(A)** with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> > >
> > > **(B)** on motion made after the time has expired if the party failed to act because of excusable neglect.
> >
> > **(2) Exceptions.** A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).

Fed. R. Civ. P. 6(b) (bold in original). "Good cause," necessary for an extension of time under rule 6(b)(1)(A), "generally means a substantial reason amounting in law to a legal excuse for failing to perform an act required by law." Black's Law Dictionary 692 (6th ed.1990). See Black's Law Dictionary 251 (9th ed. 2009)("***good cause****. . . .* A legally sufficient reason."). Showing good cause is not a particularly demanding requirement. See United States v. Portillo-Quezada, Nos. 03-20051, 08-2295, 2010 WL 396309, at *1 (D. Kan. Jan. 27, 2010)(finding good cause where attorney argued only that he "needs additional time to contact a witness for the Government at the trial of this case who may recant or change her testimony in material respects. Completion of research and drafting of the memorandum in support is also needed."); Weingarten v. Optima Commc'n Sys., Inc., 544 F. Supp. 2d 193, 196 n.1 (S.D.N.Y. 2008)("Under Rule 6(b)(1)(A) . . . the court may, for good cause, extend the time to move if a request is made before the original time period expires.").

On the other hand, "a finding of excusable neglect under Rule 6(b)[(1)(B)] requires both a

demonstration of good faith by the parties seeking the enlargement and also it must appear that there was a reasonable basis for not complying within the specified period." In re Four Seasons Sec. Law Litig., 493 F.2d 1288, 1290 (10th Cir.1974).  See Putnam v. Morris, 833 F.2d 903, 905 (10th Cir. 1987)("[S]ome showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified is normally required.")(quoting Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1305 (5th Cir.1985)).  "[I]t is well established that inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect for purposes of Rule 6(b)."  Quigley v. Rosenthal, 427 F.3d 1232, 1238 (10th Cir.2005).  Excusable neglect, therefore, is a higher burden than good cause.

## ANALYSIS

Ramirez' counsel presumably has known about the Court's scheduling order since it was entered in July of 2009.  Nevertheless, Ramirez seeks an extension of time until February 8, 2010 to file a response to Doña Ana County's motion for judgment on the pleadings/motion for summary judgment.  Doña Ana County argues that Ramirez has had plenty of time to respond to the motion and that the impediments of which Ramirez' counsel complains are all of his own making.

Pursuant to rule 6(b)(1), because Ramirez filed her motion for extension of time before the deadline that she wishes to extend expired, the Court need find only good cause for granting the extension.  See Fed. R. Civ. P. 6(b)(1)(A).  The Court finds that, while many of the impediments to timely filing a response to Doña Ana County's motion were the result of poor decision-making on the part of Ramirez' counsel, others were seasonal circumstances that a party filing a dispositive motion on Christmas Eve might foresee the opposing party raising.  Furthermore, that Ramirez filed this motion five days after Doña Ana County filed its motion, and with more than ten days left to file her response to Doña Ana County's motion, indicates that this is not a situation of mere

inadvertence, forgetfulness, or procrastination.  Finally, the Court believes it is very important that it have full briefing from all affected parties before it rules on a dispositive motion like Doña Ana County's motion for judgment on the pleadings.  The Court will thus grant Ramirez' motion and extend the deadline for filing her response to Doña Ana County's motion to February 8, 2010.

**IT IS ORDERED** that the Plaintiff-Intervener's Opposed Motion for an Extension of Time to File Her Response to Defendant's Amended Motion for Judgment on the Pleadings is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory Fouratt
  United States Attorney
Michael H. Hoses
Elizabeth M. Martinez
  Assistant United States Attorneys
Albuquerque, New Mexico

-- and --

John M. Gadzichowski
  Section Chief
Carolyn Peri Weiss
  Senior Trial Attorney
Richard S. O'Brien
Jodi B. Danis
Rachel Hranitzky
Lori Beth Kisch
United States Department of Justice
Civil Rights Division, Employment Litigation Section
Washington, D.C.

     *Attorneys for the Plaintiff*

Paul Michael Gayle-Smith
Law Offices of Paul M. Gayle-Smith
Las Cruces, New Mexico

  *Attorney for the Intervenor-Plaintiff*

Rocio Toriz
Alameda, California

-- and --

Raul A. Carrillo, Jr.
Elizabeth B. Driggers
Steven E. Jones
Carrillo Law Firm, P.C.
Las Cruces, New Mexico

  *Attorneys for the Defendant*