IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

and

SALLY H. RAMIREZ,

       Plaintiff-Intervenor,

vs.                                                                                                 No. CIV 08-0501 JB/WPL

BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY
OF DOÑA ANA, NEW MEXICO,

       Defendant.

**ORDER**

**THIS MATTER** comes before the Court on: (i) the Defendant's Motion to Compel Plaintiff-in-Intervention's Answers and Responses to Discovery Served on 11/20/09, and Memorandum of Points and Authorities in Support Thereof, filed January 11, 2010 (Doc. 258)("Motion 1"); and (ii) the Defendant's Motion to Compel Plaintiff's Responses to Defendant's First Set of Request [sic] for Production of Documents and Memorandum of Points and Authorities in Support Thereof, filed January 11, 2010 (Doc. 259)("Motion 2"). The Court held a hearing on February 16, 2010. The primary issues are: (i) whether the Court should compel Plaintiff United States of America or Plaintiff-Intervenor Sally Ramirez to respond to certain discovery requests; and (ii) whether the Court should award attorneys fees to the United States or Ramirez for being forced to respond to Defendant Board of County Commissioners of the County of Doña Ana, New Mexico's discovery

requests. Because Doña Ana County did not timely serve its discovery, the Court will not compel the United States or Ramirez to respond to Doña Ana County's discovery requests. The Court will not, however, award attorneys' fees to the United States or Ramirez.

The Court entered a scheduling order on July 23, 2009, which stated that the deadline for discovery was December 21, 2009, and that a request for production or interrogatory was timely served only if the response was due before the discovery deadline. See Amended Scheduling Order at 1, filed July 23, 2009 (Doc. 137)("Service of interrogatories and requests for production shall be considered timely only if the responses are due prior to the deadline."). In its motions, Doña Ana County asserts that, on November 20, 2009, it served its first set of interrogatories and requests for production on Ramirez, both by "hand-delivery" to a mailbox at Ramirez' counsel's home-office[1] and by electronic mail transmission, see Motion 1 at 2, and served its first set of requests for production on the United States by electronic mail transmission, see Motion 2 at 2. The United States responded on December 23, 2009, stating that the requests for production were untimely. See Motion 1 at 2. Ramirez did not respond to Doña Ana County's discovery requests and, when contacted, Ramirez' counsel denied having received any discovery requests from Doña Ana County. See Motion 2 at 2. Doña Ana County has thus asked the Court to compel both parties to respond to his discovery requests.

The United States and Ramirez make similar arguments, asserting that service of discovery by electronic-mail transmission triggered the three-day extension of time to respond in rule 6(d) of the Federal Rules of Civil Procedure. Thus, rather than having thirty days to respond, the United

---

[1] At the hearing, Raul Carrillo, Doña Ana County's counsel, conceded that placing the item in the mailbox of opposing party's counsel did not constitute service under Fed. R. Civ. P. 5(b)(2). See Recording of Hearing at 2:07:45-2:08:05 (taken February 16, 2010)(Carrillo)("Hr."). The Court thus considers only the timing issues with respect to electronic service.

States and Ramirez had thirty-three days to respond, making the responses due December 23, 2009 -- two days after the discovery period had expired -- and making the request itself untimely.  See Plaintiff United States' Response in Opposition to Defendant's Motion to Compel Responses to Defendant's First Request for Production of Documents at 3-6, filed January 21, 2010 (Doc. 271); Plaintiff-Interven[o]r's Response in Opposition to Defendant's Motion to Compel Responses to Defendant's First Set of Interrogatories and Request for Production at 4-6, filed January 25, 2010 (Doc. 277).

The United States and Ramirez are correct.  Rule 6(d) states that, "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2) . . . (E), 3 days are added after the period would otherwise expire under rule 6(a)."  Fed. R. Civ. P. 6(d).  Rule 5(b)(2)(E) refers to serving something by "sending it by electronic means."  Fed. R. Civ. P. 5(b)(2)(E).  Parties therefore have three extra days to respond to discovery requests that are served upon them by electronic mail transmission, and thus Doña Ana County's discovery requests were untimely.  For the reasons stated on the record, and for further reasons consistent with those already stated, the Court denies both of Doña Ana County's motions.

The responses filed by both the United States and Ramirez, in addition to asking the Court to deny Doña Ana County's motion, sought attorneys fees under rule 37(a)(5)(B).  Rule 37(a)(5)(B) states that, if the Court denies a motion to compel, it must award fees and expenses incurred in responding to the party defending the motion, unless the Court finds that "the motion was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(B).  At the hearing, both before and after the Court's oral ruling, counsel for the United States and for Ramirez vigorously argued that the Court should award them fees for having to respond to Doña Ana County's untimely motion.  Nevertheless, for the reasons stated on the record

and for further reasons consistent with those already stated, the Court concludes that an award of fees is not warranted in this case. Given the history of service in this case and circumstances of service on both the United States and Ramirez, an award of fees would not be just. The Court will thus deny the requests of both the United States and Ramirez.

**IT IS ORDERED** that the Defendant's Motion to Compel Plaintiff-in-Intervention's Answers and Responses to Discovery Served on 11/20/09, and Memorandum of Points and Authorities in Support Thereof and the Defendant's Motion to Compel Plaintiff's Responses to Defendant's First Set of Request [sic] for Production of Documents and Memorandum of Points and Authorities in Support Thereof are denied. Plaintiff United States of America's and Plaintiff-Intervenor Sally Ramirez' requests for attorneys fees are also denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory Fouratt
  United States Attorney
Michael H. Hoses
Elizabeth M. Martinez
  Assistant United States Attorneys
Albuquerque, New Mexico

-- and --

John M. Gadzichowski
  Section Chief
Carolyn Peri Weiss
  Senior Trial Attorney
Richard S. O'Brien

Jodi B. Danis
Rachel Hranitzky
Lori Beth Kisch
United States Department of Justice
Civil Rights Division, Employment Litigation Section
Washington, D.C.

*Attorneys for the Plaintiff*

Paul Michael Gayle-Smith
Law Offices of Paul M. Gayle-Smith
Las Cruces, New Mexico

*Attorney for the Intervenor-Plaintiff*

Rocio Toriz
Alameda, California

-- and --

Raul A. Carrillo, Jr.
Elizabeth B. Driggers
Steven E. Jones
Carrillo Law Firm, P.C.
Las Cruces, New Mexico

*Attorneys for the Defendant*