IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiffs,

vs.                                                                    No. CIV 08-0501 JB/ACT

BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY
OF DOÑA ANA, NEW MEXICO,

       Defendant.

## MEMORANDUM OPINION AND ORDER
(Public Version)[1]

**THIS MATTER** comes before the Court on the Plaintiff's Motion for Protective Order Regarding Discovery and Disclosure of the Alleged Victims' Sexual Behavior and Disposition, filed June 2, 2009 (Doc. 85). Plaintiff United States of America also filed a memorandum in support of its motion. See Plaintiff's Memorandum in Support of Motion for Protection Order Regarding Discovery and Disclosure of the Alleged Victims' Sexual Behavior and Predisposition, filed June 2, 2009 ("Memo."). The Court held a hearing on July 16, 2009. The primary issues are: (i) whether the Court should issue a protective order prohibiting Defendant Board of County Commissioners of the County of Doña Ana, New Mexico ("Doña Ana County") from conducting discovery that includes information about the alleged victims' sexual behavior or predisposition; and (ii) whether the Court should issue a protective order restricting Doña Ana County's use and

---

[1] This opinion contains the redactions that the United States requested in its Motion for Sealing and Redaction of Memorandum Opinion and Order, filed February 26, 2010 (Doc. 303). The Court granted the motion on March 8, 2010. See Order, filed March 8, 2010 (Doc. 309). The original opinion is now filed under seal, and this opinion is substituted in its place.

disclosure of any such evidence that it has or may acquire.  The Court concludes that it should grant the motion in part and deny it in part.  The Court will not prohibit Doña Ana County from asking the victims which of their fellow employees, if any, they have dated; the Court will otherwise grant the motion and issue the protective order.

## PROCEDURAL BACKGROUND

The United States brought this suit to enforce the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e through 2000e-17.  See Complaint and Demand for Jury Trial ¶ 1, at 1, filed May 21, 2008 (Doc. 1) ("Complaint").[2]  In its Complaint, the United States alleges that Doña Ana County has discriminated against victims Sally Ramirez, Graciela Chavez, Priscilla Lujan, Priscilla Salazar, and Maria Isabel Morales on the basis of their sex by: "(a)  Subjecting them to sexual harassment by a supervisor, Johnny Gomez, thereby creating and maintaining a hostile work environment that adversely affected the terms, conditions and privileges of their employment; and (b) Failing or refusing to take appropriate action to prevent and promptly correct the discriminatory treatment and its effects."  Complaint ¶ 7, at 2.  The relevant sexual harassment allegedly consisted of Gomez using derogatory terms to refer to women, asking about and/or commenting on the sex lives of female members of his staff and women generally, and criticizing behaviors of women that he did not criticize in men.  See Complaint ¶ 8, at 2-3.

The United States moves the Court for a protective order that would mandate four things: (i) that Doña Ana County "may not seek from the alleged victims identified in the United States' Complaint discovery related to their sexual behavior or predisposition;" (ii) that the "parties shall file under seal all documents that contain or reference information related to the alleged victims'

_____

[2] The United States alleges that it has satisfied all prerequisites under federal law to bring this suit.  See Complaint ¶¶ 4-6, at 1-2.

sexual behavior or predisposition;" and (iii) that the "Defendant may disclose information and documentation . . . related to the victims' sexual behavior or predisposition only to: a) individuals involved in litigation-related decision-making for Defendant; b) Plaintiff; c) the Court and court personnel, as necessary; and d) individuals who are the subject of the allege sexual behavior or predisposition." Memo. at 1-2. See Motion at 24-25. Fourth, the United States asks the Court to direct that the

> Defendant, to the extent it has already disclosed such information or documentation or revealed its content to anyone not permitted to receive such disclosure under this protective order, shall . . . a) seek the return of any and all . . . copies of such documentation; b) instruct such persons not to further disclose the information or contents of the documentation; and c) inform Plaintiff to whom such disclosures were made.

Motion at 1-2. See Memo. at 24-25. In support of its motion, the United States argues that rule 26 of the Federal Rules of Civil Procedure and rule 412 of the Federal Rules of Evidence provide a legal basis for the protective order.

Specifically, the United States argues that rule 26(c) authorizes a protective order that limits the scope of discovery for "good cause" to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense." Memo. at 8-9 (quoting Fed. R. Civ. P. 26(c)). The United States further insists that the "good cause" standard is highly flexible, and that the Court should apply rule 26(c) to prohibit Doña Ana County from asking the victims about their sexual behavior or predisposition because it is not "reasonably calculated to lead to the discovery of admissible evidence." See Memo. at 9-11 (quoting Fed. R. Civ. P. 26(b)(1)). The information that Doña Ana County is likely to uncover is unlikely to be admissible, the United States argues, because rule 412 prohibits admission of evidence of the sexual behavior or predisposition of a victim of sexual harassment unless the proponent can establish that the probative value of that evidence

substantially outweighs the danger of harm to any victim and of unfair prejudice to any party -- a burden that the United States asserts the County cannot meet.  <u>See</u> Memo. at 10-11.  The United States points to an advisory committee note that states that "[c]ourts <u>should presumptively issue protective orders barring discovery</u> [of such information] unless the party seeking discovery makes a showing that the evidence sought to be discovered would be relevant under the facts and theories of the particular case, <u>and</u> cannot be obtained except through discovery."  Memo. at 11 (quoting Fed. R. Evid. 412 advisory committee's note)(emphasis in Memo.).

In response, Doña Ana County concedes many of the individual issues that the United States raises.  Doña Ana County concedes that it could not, and states that it does not intend to, use the evidence of sexual predisposition to prove that the alleged victim welcomed the alleged harasser's advances, to prove or disprove damages, or to prove character or propensity.  <u>See</u> Defendant's Response to Plaintiff's Motion for Protective Order Regarding Discovery and Disclosure of the Alleged Victims' Sexual Behavior and Predisposition at 1, 3-4 filed June 15, 2009 (Doc. 101)("Response").  Doña Ana County also concedes that the Court has the power to limit discovery to minimize oppression of the parties and claimants.  <u>See</u> Response at 1.  Doña Ana County asserts, however, that the information it seeks is relevant to the separate issue of credibility and bias of witnesses whom it expects that the United States will call at trial.  <u>See</u> Response at 1-2.  Doña Ana County argues that the desired discovery will yield evidence admissible on that basis and thus that the Court should not use rule 412 as a means to preemptively prohibit it from making the bias/credibility showing at trial.  <u>See</u> Response at 2-3.

For example, Doña Ana County asserts:

[REDACTED PURSUANT TO Plaintiff United States' Motion for Sealing and Redaction of Memorandum Opinion and Order, filed February 26, 2010 (Doc. 303)]

Response at 5.[3]  [REDACTED PURSUANT TO Plaintiff United States' Motion for Sealing and Redaction of Memorandum Opinion and Order, filed February 26, 2010 (Doc. 303].

At the hearing, Assistant United States Attorney Carolyn Weiss stated that one aspect of the United States' requested protective order is apparently unopposed -- that the disclosure and dissemination of any evidence of the victims' sexual behavior or sexual disposition be limited.  Raul Carrillo, attorney for Doña Ana County, did not address this issue, and so the Court assumes that Doña Ana County does not oppose that aspect of the United States' motion.  The Court will thus grant the motion for a protective order to the extent that it seeks to limit how and with whom Doña Ana County can use any evidence of the victims' alleged sexual behavior or sexual predisposition.

Next, Ms. Weiss sought to clarify how narrow the United States' desired protective order is. The United States apparently seeks only to prohibit Doña Ana County from asking each victim about her romantic or sexual relationships.  See Hearing Recording at 10:08:00-10:14:00 (taken July 16, 2009)("Hr.").  Doña Ana County could ask questions unrelated to the victims' sexual relationships, and could ask any witness about any other victim's romantic or sexual relationships; it would be prohibited only from asking a particular victim about her romantic or sexual relationships.  See Hr. at 10:08:00-10:14:00.  Ms. Weiss also argued that, if there is any probative value to the sexual/romantic relationships information, which the United States does not concede, the probative value does not substantially outweigh the danger of unfair prejudice or the risk of harm to the victims, as rule 412 requires.  See Hr. at 10:10:00-10:16:00.  Moreover, the information that Doña Ana County seeks to illicit is available from -- and, indeed, Doña Ana County has already acquired it from -- other sources.  See Hr. at 10:13:00-10:14:00.

_____

[3] Gloria is a supervisor in a different department and is allegedly friends with Salazar, Chavez, Morales, Lujan and Ramirez.

Mr. Carrillo painted a more vivid, and more intricate, picture of Doña Ana County's intended theory and why he should be able to ask individual victims about their sexual behavior.  See id. at 10:22:00-10:45:00.  Doña Ana County's theory involves proving that the alleged victims were part of a social clique that fabricated their allegations of sexual misconduct against Gomez to have him fired, because he was too strict as a supervisor.  See id.  [REDACTED PURSUANT TO Plaintiff United States' Motion for Sealing and Redaction of Memorandum Opinion and Order, filed February 26, 2010 (Doc. 303)]  See id.  Mr. Carrillo then represented that Doña Ana County does not intend to ask the victims about their sexual behavior; rather, he would restrict his deposition questioning of the remaining victims -- Salazar, Ramirez, and Chavez -- to whether the particular victim has ever "dated" a co-worker, and, if so, which co-worker has that victim dated.  See Hr. at 10:45:30-10:47:00.[4]  Doña Ana County has already asked Lujan these questions.  Ms. Weiss expressed that the United States was not satisfied with Mr. Carrillo's self-imposed limitation on the scope of his questions regarding the victims' past relationships, both because she believed that Mr. Carrillo was still seeking evidence that rule 404 and/or rule 412 prohibits, and because she expressed doubt in Mr. Carrillo's willingness or ability to abide by the self-imposed restriction.[5]

---

[4] [REDACTED PURSUANT TO Plaintiff United States' Motion for Sealing and Redaction of Memorandum Opinion and Order, filed February 26, 2010 (Doc. 303)]

[5] Mr. Carrillo has represented to Ms. Weiss that Doña Ana County has no basis at this time to question the remaining two alleged victims -- Chavez and Morales -- regarding their dating of co-workers.  See Hr. at 10:26:20-10:26:50 ("The present motion is not about Morales or Chavez, because the Defendant has agreed not to ask any of the questions that the United States finds offensive of those two.").  The parties represented that they are attempting to work out a written agreement regarding Doña Ana County's questioning of these alleged victims to enable these two depositions to go forward before the resolution of the United States' motion for protection order.  In light of the fact that Doña Ana County's commitment was tentative, the United States concluded it had no alternative other than to seek protection for all the alleged victims.

## RELEVANT LAW REGARDING RULE 412 OF THE
## FEDERAL RULES OF EVIDENCE

Rule 412 of the Federal Rules of Evidence states, in relevant part:

**(a) Evidence generally inadmissible.**--The following evidence is not admissible in any civil or criminal proceeding involving alleged sexual misconduct except as provided in subdivisions (b) and (c):

    **(1)**    Evidence offered to prove that any alleged victim engaged in other sexual behavior.

    **(2)**    Evidence offered to prove any alleged victim's sexual predisposition.

**(b) Exceptions.**--

    \* \* \* \*

    **(2)**    In a civil case, evidence offered to prove the sexual behavior or sexual predisposition of any alleged victim is admissible if it is otherwise admissible under these rules and its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party. Evidence of an alleged victim's reputation is admissible only if it has been placed in controversy by the alleged victim.

Fed. R. Evid. 412 (bold in original). The rule also requires that a party seeking to admit such evidence must file a motion, and the court must hold a hearing in camera to assess admissibility. See Fed. R. Evid. 412(c).

Until 1994, rule 412 was applicable only in criminal proceedings; plaintiffs in civil sexual-harassment suits had to rely on rule 404 if they sought to exclude evidence of past sexual behavior, arguing that it was being offered as evidence of propensity. See Ferencich v. Merritt, 79 Fed. Appx. 408, 414 (10th Cir. 2003). With the passage of the 1994 amendment, however, the Committee recognized

    [t]he need to protect alleged victims against invasions of privacy, potential embarrassment, and unwarranted sexual stereotyping, and the wish to encourage victims to come forward when they have been sexually molested do not disappear

> because the context has shifted from a criminal prosecution to a claim for damages
> or injunctive relief.

Fed. R. Evid. 412 advisory committee's note.  "As amended in 1994, Rule 412 generally precludes

evidence of an alleged victim's 'sexual behavior' or 'sexual predisposition' in civil and criminal

proceedings involving allegations of sexual misconduct."  Ferencich v. Merritt, 79 Fed. Appx. at

414.

As the Advisory Committee and Professors Charles Wright and Kenneth Graham recognize,

the rule has at least two underlying functions.  The first function is to promote the reporting of

sexual assaults and other sexual misconduct by vitiating the victim's fear that, by reporting the

incident, he or she will be opening up his or her private life to be put on display through the course

of discovery and at trial.

> The manifest function of Rule 412 is protection of the privacy of the rape victim; this
> is justified in terms of fairness to her and by the instrumental argument that this will
> further the interests of the state by encouraging victims to report the crime and to
> cooperate with the prosecution of rapists.

23 C. Wright & K. Graham, Fed. Prac. & Proc. Evid. § 5384, at 543 (1st ed. 1980).  See Fed. R.

Evid. 412 advisory committee's note ("By affording victims protection in most instances, the rule

. . . encourages victims of sexual misconduct to institute and to participate in legal proceedings

against alleged offenders.").  The rule's second function is more subtle: to combat the sexual

stereotyping of victims, "i.e., to prevent the jury from subverting the substantive law of rape by

making the guilt of the defendant turn on the jury's assessment of the moral worth of the victim."

23 C. Wright & K. Graham, supra § 5384, at 544.  See Fed. R. Evid. 412 advisory committee's note

("The rule aims to safeguard the alleged victim against the invasion of privacy, potential

embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual

details and the infusion of sexual innuendo into the factfinding process.").  It is with these two goals

in mind that courts should analyze rule 412 questions.

Rule 412 is a rule of evidence, meaning that it primarily controls admissibility, as distinguished from discoverability, of certain information. <u>Compare</u> Fed. R. Evid. 101 (defining the scope of the Rules of Evidence) <u>with</u> Fed. R. Civ. P. 26(b)(defining the scope of discovery). Rule 26(b)(1) of the Federal Rules of Civil Procedure generally governs the scope of discovery, and allows discovery of any admissible evidence and discovery of anything "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). <u>See</u> <u>In re Cooper Tire & Rubber Co.</u>, 568 F.3d 1180, 1189 (10th Cir. 2009); Fed. R. Evid. 412 advisory committee's note ("The procedures set forth in subdivision (c) do not apply to discovery of a victim's past sexual conduct or predisposition in civil cases, which will be continued to be governed by Fed. R. Civ. P. 26."). One might therefore conclude that rule 412 restricts discovery only insofar as a court predicts that certain discovery would uncover only evidence excludable under rule 412, and thus that such discovery is not "reasonably calculated to lead to the discovery of admissible evidence." The Advisory Committee, however, indicated that the policies underlying rule 412 will often justify a court in issuing a protective order limiting discovery of information that may fall within the protections of rule 412. <u>See</u> Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.").

> In order not to undermine the rationale of Rule 412, . . . courts should enter appropriate orders pursuant to Fed. R. Civ. P. 26(c) to protect the victim against unwarranted inquiries and to ensure confidentiality. Courts should presumptively issue protective orders barring discovery unless the party seeking discovery makes a showing that the evidence sought to be discovered would be relevant under the facts and theories of the particular case, and cannot be obtained except through discovery. . . . Confidentiality orders should be presumptively granted as well.

Fed. R. Evid. 412 advisory committee's note. <u>See</u> <u>Giron v. Corr. Corp. of Am.</u>, 981 F. Supp. 1406,

1407 (D.N.M. 1997)(Hansen, J.)("In recognition of the policy rationale for the rule, the Court will impose certain restrictions on discovery to preclude inquiry into areas which will clearly fail to satisfy Rule 412(b)(2)'s balancing test, even though this Court will later decide what evidence is ultimately admitted.")

## ANALYSIS

The United States asks the Court to prohibit Doña Ana County from inquiring with the victims about their past sexual behavior or alleged sexual predisposition -- specifically, to prohibit Doña Ana County from asking each victim with which of her co-workers, if any, she has had a sexual relationship. Doña Ana County responded that it seeks only to ask two of the remaining victims -- Salazar and Ramirez -- if they have dated any of their co-workers and, if so, which co-workers have they dated. The Court will grant the motion in part and deny it in part. The Court will restrict Doña Ana County's dissemination of any sexual-behavior or predisposition evidence, and will prohibit Doña Ana County from seeking information regarding a victim's past or current sexual relationships directly from that victim. The Court will deny the motion insofar as it seeks to restrict Doña Ana County from asking the two questions proposed by Mr. Carrillo: (i) "have you ever dated any of your co-workers?" and (ii) "if so, which co-workers have you dated?"

Rule 412 has at least two underlying policies that the Court must consider when ruling on this motion: (i) to protect the victims so as not to deter them from bringing sexual harassment suits, see 23 C. Wright. & K. Graham, supra § 5384, at 543; and (ii) to avoid subjecting the victims to sexual stereotyping that might cause the jury to decide the case on "the moral worth of the victim," see id. § 5384, at 544. Furthermore, the Advisory Committee has suggested that courts be liberal in their issuance of protective orders unless the party seeking discovery of the potential 412 evidence can show: (i) the desired evidence can be relevant under the party's theory; and (ii) the evidence

sought cannot be acquired except through discovery.  See Fed. R. Evid. 412 advisory committee's note.  Based on the theory that Doña Ana County proposes and the difficulty of finding the information it seeks by any other means, the Court will grant the United States' motion only in part.

First, allowing Doña Ana County to ask each victim, during discovery, which employees she has dated does not do significant harm to the policies underlying rule 412.  The Court appreciates that, in this age, many people infer a sexual relationship when he or she hears that two people are "dating."  Dating with sex is not, however, the only definition of dating.  In times not so long passed, dating referred to a period of courtship before marriage and sometimes included no sexual contact whatsoever.  See, e.g., The American Heritage Dictionary of the English Language at 475 (3d ed. 1992)(defining "date" as "[a]n appointment, especially an engagement to go out socially with a member of the opposite sex" or "a person's companion on such an outing.").  Even today, although the frequency of pre-marital sex indicates that many couples who have been dating for a significant period of time will have engaged in sexual conduct with one another, the Court does not believe that the term dating is now synonymous with having sex.  Furthermore, participants generally acknowledge the status of "dating" to their friends and/or family, and the stigma associated with merely having sex with someone is substantially greater than that associated with dating someone.  In short, the Court finds that permitting the limited questions proposed by Mr. Carrillo would not significantly subvert the policies underlying rule 412.

The Court further notes that Doña Ana County has a legitimate interest in knowing with whom the victims have had close personal relationships.  Mr. Carrillo explained that Doña Ana County's theory of the case is that Gomez was assigned as supervisor over a group of custodians, which included alleged victims Salazar, Chavez, Morales, Lujan, and Ramirez.  Doña Ana County plans to prove that Gomez was a strict manager who demanded hard work from the custodians and

that this group of custodians -- a social clique that frequently spent time together -- planned to get rid of Gomez by accusing him of sexual misconduct.  Doña Ana County thus seeks to identify witnesses that could impeach the victims' credibility or demonstrate the bias of the United States' various witnesses.  A former or current significant other would be likely to know facts, potentially admissible facts, that shed light on bias or credibility, and the only way that Doña Ana County can learn whom these various former and current significant others are -- other than to question Doña Ana County's entire staff -- is to ask the victims whom they have dated.  Doña Ana County has met the Advisory Committee's proposed burden of showing that the information it seeks may be relevant to one of its theories and that discovery is necessary to uncover that information.  See Fed. R. Evid. 412 advisory committee's note.  As a result, the Court will not prohibit Doña Ana County from asking the victims whether they have dated fellow employees and, if so, which ones.

With the information, if any, that Doña Ana County garners from those two questions, Doña Ana County can interview the people identified and ask them questions aimed at the victims' and other witnesses' credibility and bias.  If those interviews result in evidence that the United States believes would violate rule 412 -- or any other rule, for that matter -- if introduced at trial, the United States is free to file a motion in limine to have that evidence excluded.  The United States may also file a motion in limine to exclude the relationship information garnered from Doña Ana County's proposed questions.

**IT IS ORDERED** that the Plaintiffs' Memorandum in Support of Motion for Protection Order Regarding Discovery and Disclosure of the Alleged Victims' Sexual Behavior and Predisposition is granted in part and denied in part.  The Court further orders: (i) Defendant Board of Commissioners of the County of Doña Ana, New Mexico may not seek from the alleged victims identified in the United States' Complaint discovery related to their sexual behavior or

predisposition, but may ask the alleged victims (a) if she has ever dated a co-worker; and (b) if so, which co-worker she has dated; (ii) the parties shall file under seal all documents that contain or reference information related to the alleged victims' sexual behavior or predisposition; (iii) Doña Ana County may disclose information and documentation (including hard copy and electronic) related to the victims' sexual behavior and predisposition only to: (a) individuals involved in litigation-related decision-making for Doña Ana County; (b) the United States; (c) the Court and court personnel, as necessary; and (d) individuals who are the subject of the alleged sexual behavior or predisposition; and (iv) to the extent that Doña Ana County has already disclosed any information or documentation regarding a victim's alleged sexual behavior or sexual predisposition to a person not permitted to receive it under this Order, Doña Ana County shall, within five business days of the entry of this Order, (a) seek the return of any and all hard and electronic copies of such documentation; (b) instruct such person not to further disclose the information or contents of the documentation; and (c) inform the United States to whom such disclosures were made.

_____
UNITED STATES DISTRICT JUDGE


*Counsel*:

Gregory Fouratt
   United States Attorney
Michael H. Hoses
Elizabeth M. Martinez
   Assistant United States Attorneys
Albuquerque, New Mexico

-- and --

John M. Gadzichowski
  Section Chief
Carolyn Peri Weiss
  Senior Trial Attorney
Richard S. O'Brien
Jodi B. Danis
Rachel Hranitzky
Lori Beth Kisch
United States Department of Justice
Civil Rights Division, Employment Litigation Section
Washington, D.C.

     *Attorneys for the Plaintiff*

Paul Michael Gayle-Smith
Law Offices of Paul M. Gayle-Smith
Las Cruces, New Mexico

     *Attorney for the Intervenor-Plaintiff*

Rocio Toriz
Alameda, California

-- and --

Raul A. Carrillo, Jr.
Elizabeth B. Driggers
Steven E. Jones
Carrillo Law Firm, P.C.
Las Cruces, New Mexico

     *Attorneys for the Defendant*